## Wood *vs.* Gale & a.

Where a ward is in the habit of harboring persons of bad and vicious character about his premises, the guardian is authorized to warn such persons to leave the premises; and, on their refusal, to cause them to be removed.

And where they threaten to return, or persist in returning, he may, under certain circumstances, remove them to such reasonable distance from the premises as is necessary to effect his object.

Where the reason of the removal, and the ground to apprehend the return of such person, arises from the unchaste conduct and character of the individual, such conduct and character may be offered in evidence.

Trespass, for that the defendants, on the 29th of July, 1837, made an assault on the plaintiff, and imprisoned her and detained her for a long space of time, &c.

Plea, the general issue, with a brief statement, that said Gale was guardian of one Richard Bartlett—that the plaintiff was a person of ill-fame, and not fit to associate with him —that she was in the house with him—that Gale ordered her out, and on her refusal, directed the other defendants to put her out, &c.

On the trial, it appeared that at the time in question said Gale was guardian of said Bartlett, as alleged in the brief statement, and that the plaintiff, who had before lived in the house with Bartlett, in the afternoon of July 29, 1837, came to his house in South-Hampton, and stopped there.

Gale had before told Bartlett she should not be harbored there, and that he would not have her in the house, and had told her never to return there.

Wood *v.* Gale.

Finding she was there on the 29th of July, Gale request-ed the other defendants, about sunset, to go and assist him in putting her out. When they arrived there, early in the even-ing, the house was fastened and the inmates had gone to bed.

Gale requested to have the door opened, which was not done ; whereupon the window of the room where the plain-tiff was in bed, was opened, and she was requested by Gale to depart, which she refused to do.

He told her he would give her half an hour in which to go. After waiting about three quarters of an hour she was again told to go, and refused. Some of the defendants then entered the window, at Gale's request, and the plaintiff was led out of the door, and put in a chaise and driven to the vil-lage, about half a mile distant, which was the nearest village.

How far any of the defendants were concerned in trans-porting her to the village, did not distinctly appear.

She returned to the house again about two o'clock, the same night, and was again admitted.

The defendants offered several witnesses to show that the general reputation of the plaintiff for honesty and chastity was very bad ; to which the plaintiff objected ; but the court overruled the objection.

The court directed the jury that the defendant, Gale, if he deemed the plaintiff an improper inmate in the house of his ward, on account of her bad character for honesty and chas-tity, had a right to forbid her entrance, and to require her to depart ; and, on her refusal, to put her out and keep her out, using no more force, and removing her no farther, than was necessary to effect this object.

That having put her out, he was not obliged to stand guard during the night, to prevent her return ; but that if it was necessary, in order to prevent her immediate return, to carry her to the village, said Gale, and the other defendants as his assistants, were justifiable in so doing—that being a place where she could most probably find another lodging ; but that the defendants were not authorized to do more than

Wood *v.* Gale.

was sufficient to accomplish the lawful object of putting her out and preventing her return.

The jury returned a verdict for the defendants. The plaintiff moved for a new trial, on account of the admission of the testimony aforesaid, and for misdirection.

*Tilton & Bell*, for the plaintiff, contended that the removal of the plaintiff to any distance beyond the premises of the ward, was unjustifiable and illegal ; also, that evidence of the character of the party could not be offered, except when the character is directly put in issue ; and cited as authorities, *Stark. Ev. Pt.* IV. 366 ; 1 *Phil. Ev.* 145 ; *Bul. N. P.* 298 ; 2 *Bos. & Pul.* 532, *Huntley* vs. *Luscombe, note ;* 21 *Pick. R.* 142, *Ellis* vs. *Short.*

*Sullivan & Bartlett,* for the defendants.

UPHAM, J. It is not contended in this case that the guardian had no authority to remove an improper person for his ward to associate with, from the ward's premises ; but it is alleged that no legal right exists for a removal to any greater distance.

The original act of the defendant, then, is not objected to, but that the exercise of authority, which was originally legal, was continued to such extent as to render the defendants trespassers *ab initio.* It can hardly be contended that the right of removal would be limited to the precise line of the premises owned by the ward. This doctrine would preclude the right of removal of an improper associate, or a separation of him from the company of the ward, except on the ground of a mere right in the soil. But the guardian's right to protect his ward from the company or intrusions of improper associates, is a personal right, which cannot be limited in this manner.

He had a clear right of removal of the plaintiff from the premises, on her refusal to retire ; and, to protect his ward from

a threatened return, a farther removal, under some circumstances, would be clearly justifiable. The same right would exist as in the removal of a common brawler or disturber of the public peace; which, if it existed at all, would justify a removal to such extent as to obviate the nuisance.

Any exercise of authority of this kind is an exception to the general rule, and cannot be too strictly limited, lest, under some pretence of the preservation of the peace, or maintenance of personal privilege, the rights of the citizen should be infringed. We apprehend, however, that no injury can arise in these special cases from the ruling of the court, that the party injured may remove an individual from his premises, under the circumstances here disclosed, and keep her out, "using no more force and removing her no further than is necessary to effect this object." The rights of the citizen will be sufficiently protected under such a limitation. The jury have found that the acts of the defendants were within the rule thus prescribed, and we think their verdict should be sustained.

It has been further contended, that evidence of the character of a party could not be offered except when it is put directly in issue. To this it is replied, that the character of the plaintiff for chastity, owing to the peculiar nature of the facts in this case, was in issue, and that the case is thus brought within the general principle laid down in *Stark. Ev. Pt.* IV. 366. It became necessary to show that the plaintiff had repeatedly sought the intimacy of the defendant's ward, against the prohibition of the defendant for her to continue to associate with him or to be upon his premises; and also to put in evidence, not only the manner of her being found in company with the ward, but her character for chastity, in order to show the reasons the defendant had to expect her immediate return, unless he caused her to be removed to some short distance from the premises; and to justify her removal to that extent, we are of opinion the evidence submitted was

admissible, as directly bearing on the ground of defence set up in justification.

*Judgment on the verdict.*